UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                        CASE NO: 2:06-cr-99-FtM-29SPC

EDDIE VERNON BROWN
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Reduce Sentence Pursuant to the First Step Act of 2018 (Doc. #65) filed on July 10, 2019. The United States' Response (Doc. #67) in opposition was filed on July 24, 2019. For the reasons set forth below, the motion is denied.

**I.**

On August 16, 2006, defendant Eddie Vernon Brown (defendant or Brown) was charged in a two-count Indictment. (Doc. #15.) Count One alleged that on August 3, 2006, Brown possessed with intent to distribute "five (5) or more grams of a mixture or substance containing a detectable quantity of cocaine base, also known as crack cocaine. . . ." Id. Count Two alleged that on the same day Brown possessed with intent to distribute an unspecified amount of "a mixture or substance containing a detectable quantity of cocaine. . . ." (Id.)

In due course, Brown entered into a Plea Agreement (Doc. #30-2) in which he agreed to plead guilty to Count One of the

Indictment. The Plea Agreement advised that there was a mandatory term of imprisonment of 5 to 40 years, and that the elements of the offense included that defendant possessed 5 or more grams of cocaine base, "crack cocaine." The agreed-upon facts included that on August 3, 2006, during a planned drug sale, Brown threw two ounces of cocaine on the ground and officers seized 214.7 grams of cocaine hydrochloride and 44.6 grams of cocaine base, crack cocaine, from defendant's vehicle. Defendant's guilty plea was accepted. (Doc. #38.)

At sentencing, defendant was found accountable for 44.6 grams of crack cocaine. (Doc. #64, p. 12, ¶ 17.) Defendant was also accountable for possession of 214.7 grams of cocaine hydrochloride, but this had no impact on the base offense level calculation. (Id., p. 11, ¶ 16.) Based on the 44.6 grams of cocaine base, defendant's Base Offense Level was 30. Id., pp. 11-12, ¶ 17.) Defendant received a two-level adjustment for acceptance of responsibility and an additional level because the government agreed to file a motion for a downward adjustment. This brought defendant's Total Offense Level down to a 27. (Id., ¶¶ 23-25.).

Defendant, however, was a career offender[1], which subjected him to certain enhancements. With the career offender

---

[1] Defendant was found to have at least two prior felony convictions of controlled substance offenses: (1)

enhancement, defendant's Total Offense Level became 34, U.S. Sentencing Guidelines Manual § 4B1.1(b); with the three level downward adjustment for acceptance of responsibility, the resulting Enhanced Offense Level was a 31. (Id., pp. 12-13, ¶¶ 26-29.) Defendant's criminal history would have been a Category IV, but as a career offender was a Category VI. (Id., p. 19, ¶¶ 44-46.) Defendant's resulting range of imprisonment was 188 months to 235 months of imprisonment. (Id., p. 24, ¶ 69.) Defendant was sentenced to 188 months imprisonment, followed by four years of supervised release. (Doc. #44.)

In 2010, Sections two and three of the Fair Sentencing Act of 2010 (FSA of 2010) lowered statutory penalties for certain offenses involving crack cocaine by raising the triggering amounts for enhanced penalties. FSA of 2010, Pub. L. No. 111-220, §§ 2-3, 124 Stat. 2372, 2372. Specifically, the statute reduced the disparity between the quantities of crack cocaine and cocaine required to trigger the statutory penalties prescribed by 21 U.S.C. §§ 841(b)(1) and 960(b). Id. § 2. Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams. Id. § 2(a)(1)-(2).

---

sell/manufacture/deliver/possess cocaine with intent in Lee County, Florida; and (2) trafficking in cocaine in Broward County, Florida. U.S. Sentencing Guidelines Manual § 4B1.1.

In 2014, defendant filed a motion for a sentence reduction based upon Amendment 782 to the Sentencing Guidelines. (Doc. #53.) The Court denied the motion, stating in part: "Even if the Base Offense Level is lowered, defendant's guideline range as a career offender in a Criminal History Category VI remains unchanged and Amendment 782 would not reduce defendant's sentence." (Doc. #60, p. 3.)

In 2018, the First Step Act (FSA of 2018) made sections two and three of the FSA of 2010 retroactively applicable to defendants who were sentenced for a covered drug offense on or before the FSA of 2010's enactment on August 3, 2010. FSA of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5194. Defendant has now filed a motion for a sentence reduction pursuant to The First Step Act of 2018, by and through appointed counsel. (Doc. #65.) Defendant argues that he is eligible for such a reduction, and that the Court in its discretion should grant a sentence reduction to time-served. The government asserts that defendant is not eligible for a sentence reduction under the statute, so there is no discretionary decision to be made.

## II.

The Court starts with the proposition that a district court has no inherent authority to modify a defendant's sentence, but rather may do so "only when authorized by a statute or rule." United States v. Puentes, 803 F.3d 597, 606 (11th Cir. 2015). See

also Dillon v. United States, 560 U.S. 817, 824 (2010). As relevant to this case, 18 U.S.C. § 3582(c) gives the district court the authority to "modify an imposed term of imprisonment to the extent. . .expressly permitted by statute. . . ." 18 U.S.C. § 3582(c)(1)(B). The parties in this case dispute whether the First Step Act is such a statute.

The Memorandum (Doc. #64) submitted by the Probation Office states that "defendant is not eligible for a sentence reduction pursuant to Section 404 of the First Step Act" because "[r]etroactive application of the Fair Sentencing Act does not reduce the applicable penalties." The memoranda submitted by the parties argue at some length whether defendant is "eligible" or "ineligible" under the First Step Act.

To the extent that "eligible" refers to the Court's authority (i.e., jurisdiction) to consider defendant's request, the Court finds that defendant is eligible under the First Step Act. The First Step Act authorizes, but does not require, a district court to "impose a reduced sentence as if sections 2 and 3 of the [FSA of 2010] were in effect at the time the covered offense was committed." Id. A "covered drug offense" is a drug offense for which the "statutory penalties" were "modified" by section two or three of the FSA of 2010. Id. § 404(a). Defendant was convicted of a "covered drug offense" since the effect of the FSA of 2010 was to lower the statutory penalty for possession with intent to

distribute five or more grams of cocaine base from 5 to 40 years imprisonment to a maximum 20 years imprisonment.  Thus the Court concludes that defendant is eligible to have his case considered under the First Step Act, i.e., that the Court has jurisdiction under ¶ 3582(c)(1)(b) to consider defendant's requested relief. See <u>United States v. Jelks</u>, 19-10830, 2019 WL 4466870, at *1 (11th Cir. Sept. 18, 2019) (First Step Act available to defendant sentenced as career offender); <u>United States v. Carter</u>, 19-10918, 2019 WL 5295132, at *2 (11th Cir. Oct. 18, 2019) (affirming district court conclusion that defendant is not eligible for relief under First Step Act).

To the extent that "eligible" refers to a merits-determination, the Court finds, in the exercise of its discretionary authority, that defendant is not eligible for (i.e., not entitled to) relief under the First Step Act, and therefore denies relief on the merits.  Defendant's sentence would not be reduced under the First Step Act.  The First Step Act does not lower defendant's Sentencing Guidelines range because that range was premised on defendant's career offender status, not the drug quantity.  Thus, if the Court was calculating the range today, defendant's Base Offense Level would change from 31 to 29.  The sentencing range would not be reduced however, because application of the career offender provisions would continue to result in an Enhanced Base Offense Level of 31 and defendant's Criminal History

Category would remain Category VI. Defendant concedes that he remains a career offender under the current Sentencing Guidelines. (Doc. #65, p. 21.)

Additionally, the amount of cocaine base defendant possessed qualified for the enhanced statutory penalty even after the amendments in the FSA of 2010 increased the triggering amount to 28 grams. See, e.g., United States v. Means, No. 19-10333, __ F. App'x __, 2019 WL 4302941, at *2 (11th Cir. Sept. 11, 2019) ("The First Step Act's changes to the triggering quantities of cocaine for the imposition of the mandatory sentencing scheme under § 841 do not impact Means's sentence because he was attributed with over five kilograms of cocaine, far in excess of the new 280-gram triggering amount.")

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion to Reduce Sentence Pursuant to the First Step Act of 2018 (Doc. #65) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___14th___ day of November, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record