```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

VS.                                CASE NO: 2:06-cr-99-FtM-29MRM

EDDIE VERNON BROWN

_____

## OPINION AND ORDER

This matter comes before the Court on remand from the Eleventh Circuit Court of Appeals for further proceedings on defendant's Motion Reduce Sentence Pursuant to the First Step Act of 2018 (Doc. #65). The Court invited the parties to file supplemental memoranda after remand (Doc. #79), and both sides have done so. (Docs. #81, #82.) For the reasons set forth below, the Court grants the motion to the extent that supervised release is reduced from four years to three years, and otherwise dismisses the motion.

**I.**

On August 16, 2006, defendant Eddie Vernon Brown (defendant or Brown) was charged in a two-count Indictment (Doc. #15). Count One alleged that on August 3, 2006, Brown possessed with intent to distribute "five (5) or more grams of a mixture or substance containing a detectable quantity of cocaine base, also known as crack cocaine, a Schedule II Controlled Substance. In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii)." Count Two alleged that on the same day Brown

possessed with intent to distribute an unspecified amount of "a mixture or substance containing a detectable quantity of cocaine. . . ." (Id.)

In due course, Brown entered into a Plea Agreement (Doc. #30-2) in which he agreed to plead guilty to Count One of the Indictment. The Plea Agreement advised that the maximum sentence as to Count One included a mandatory term of imprisonment of 5 to 40 years and a mandatory term of supervised release of at least 4 years. (Id., p. 1.) The elements of the offense included that defendant possessed 5 or more grams of cocaine base, "crack cocaine." Id. The agreed-upon facts included that on August 3, 2006, during a planned drug sale, Brown threw two ounces of cocaine on the ground and officers seized 214.7 grams of cocaine hydrochloride and 44.6 grams of cocaine base, crack cocaine, from defendant's vehicle. (Id., p. 11.) Defendant's guilty plea was accepted. (Doc. #38.)

At sentencing, defendant was held accountable for possession of 44.6 grams of crack cocaine. (Doc. #64, pp. 11-12, ¶ 17.) Defendant was also held accountable for possession of 214.7 grams of cocaine hydrochloride, but this had no impact on the base offense level calculation. (Id., p. 11, ¶ 16.) Based on the 44.6 grams of cocaine base, defendant's Base Offense Level was level 30. (Id., pp. 11-12, ¶ 17.) Defendant received a two-level downward adjustment for acceptance of responsibility and an

additional one level downward adjustment because the government agreed to file the appropriate motion. This brought defendant's Total Offense Level down to a level 27. (Id., ¶¶ 23-25.).

Defendant was deemed a career offender pursuant to U.S. Sentencing Guidelines Manual § 4B1.1[1], which subjected him to certain enhancements. As a career offender, defendant's Total Offense Level became level 34, U.S. Sentencing Guidelines Manual § 4B1.1(b); with the three level downward adjustment for acceptance of responsibility, the resulting Enhanced Offense Level was a level 31. (Id., pp. 12-13, ¶¶ 26-29.) Defendant's criminal history would have been a Category IV, but as a career offender became a Category VI. (Id., p. 19, ¶¶ 44-46.) Defendant's resulting range of imprisonment was 188 months to 235 months of imprisonment, plus at least 4 years of supervised release. (Id., pp. 24-25, ¶¶ 69, 72.) On February 6, 2007, defendant was sentenced to 188 months imprisonment, followed by four years of supervised release. (Doc. #44.)

On July 10, 2019, defendant filed his current Motion Reduce Sentence Pursuant to the First Step Act of 2018 (Doc. #65) through appointed counsel. Defendant argued that he is eligible for a

---

[1] Defendant was found to have at least two prior felony convictions of controlled substance offenses: (1) sell/manufacture/deliver/possess cocaine with intent in Lee County, Florida; and (2) trafficking in cocaine in Broward County, Florida. (Id., p. 12, ¶ 26.)

sentence reduction pursuant to the First Step Act, and that the Court, in the exercise of its discretion, should reduce the imprisonment portion of his sentence to time-served. The government responded that defendant was not eligible for a sentence reduction under the First Step Act, so there is no discretionary decision to be made. The Court denied the motion. (Doc. #68.)

On appeal, the Eleventh Circuit applied the intervening decision of United States v. Jones, 962 F.3d 1290, 1293 (11th Cir. 2020) and reversed the denial of the motion. The Eleventh Circuit first held that defendant had been convicted of a "covered offense" within the meaning of the First Step Act. (Doc. #77, p. 9) ("We conclude, and the government does not dispute, that Brown has a covered offense for purposes of the First Step Act. He pled guilty to possessing with intent to distribute five grams or more of crack cocaine, and the Fair Sentencing Act plainly altered the penalty provision for this offense. See Jones, 962 F.3d at 1303.")

The Eleventh Circuit then addressed the next step of the evaluation:

> But the fact that the Fair Sentencing Act reduced the penalty for Brown's offense does not necessarily establish that the district court was authorized to modify his sentence. Under Jones, we also must consider whether Brown has already been sentenced "as if" the Fair Sentencing Act had been in effect and look at whether he already received the lowest statutory penalty available. See id.

(Id., p. 9.)  If defendant has "received the lowest statutory penalty that also would be available to him under the Fair Sentencing Act," the First Step Act "does not permit reducing a movant's sentence" Jones, 962 F.3d at 1303.  "If the [defendant's] sentence would have necessarily remained the same had the Fair Sentencing Act been in effect, then the district court lacks authority to reduce the [defendant's] sentence." Id.

The Eleventh Circuit noted that "[t]he parties disagree about what the lowest statutory penalty would have been if Brown had been sentenced under the Fair Sentencing Act." Id.

> Brown argues that the relevant drug quantity is 5 grams because this was "[t]he element of the offense charged in [his] indictment, and admitted at the plea." Appellant's Supp. Br. At 3.  Using this drug quantity, Brown's penalty range under the Fair Sentencing Act would have been zero to 20 years. See 21 U.S.C. § 841(b)(1)(C) (2011).  The government says that we should use 44.6 grams as the drug amount, which was the drug quantity that Brown admitted to in the factual basis section of the plea agreement.  Using this drug quantity, Brown's penalty range under the Fair Sentencing Act would have been five to 40 years' imprisonment.  See 21 U.S.C. § 841(b)(1)(B) (2011).

(Doc. #77, pp. 9-10.)  Despite this dispute, the Eleventh Circuit found that the district court had authority to reduce defendant's sentence.  "Under either approach, Brown is eligible for relief because his current sentence of 188 months' imprisonment exceeds the lowest statutory penalty available under the Fair Sentencing

Act (either zero years under Brown's approach or five years under the government's)."  (Id.)  Because the district court's order denying the motion was ambiguous as to its understanding of defendant's eligibility for a reduction, the Eleventh Circuit reversed and remanded for further proceedings.  (Doc. #77, p. 12.)

After the Eleventh Circuit's decision, but before issuance of its mandate, defendant was released from federal custody.

## II.

Both parties agree that the Court can grant no relief as to the custodial portion of the sentence.  (Doc. #81, p. 1; Doc. #82, p. 9.)  Brown asserts that the Court can, and should, reduce his term of supervised release from four years to three years.  The government maintains that the Court cannot, and should not, reduce the four-year term of supervised release.

The government asserts that "this Court lacks authority to reduce his four-year term of supervised release because his offense remains punishable under 21 U.S.C. § 841(b)(1)(B), which mandates a supervised-release term of 'at least 4 years.'  Because Brown's four-year term of supervised release is the statutory minimum penalty, this Court may not reduce it."  (Doc. #81, p. 2.)  The government argues that Brown remains subject to the § 841(b)(1)(B) penalties because he admitted to possessing 44.6 grams of crack cocaine, which exceeds the 28-gram quantity required to trigger the § 841(b)(1)(B) penalties after the Fair Sentencing Act.  Id.

Defendant responds that the Court must look to the drug quantity specified in the statute and Indictment under which he was charged, not the facts of an individual case.

It seems to the Court that the Eleventh Circuit has already decided this issue against the government. The Eleventh Circuit held that "Brown is eligible for relief." (Doc. #77, p. 10.) A district court's authority to reduce a sentence that was imposed for a covered offense extends to any term of supervised release that was imposed as part of that sentence. United States v. Razz, 19-12181, 2020 WL 7351843, at *3 (11th Cir. Dec. 15, 2020). Brown's eligibility and the Court's authority do not change simply because Brown has fully completed part of the original sentence.

The government essentially seeks to sever the imprisonment component of the sentence from the supervised release component. There is no authority to do so. "A criminal sentence is a package of sanctions that the district court utilizes to effectuate its sentencing intent consistent with the Sentencing Guidelines. See United States v. Jackson, 923 F.2d 1494, 1499 n.5 (11th Cir. 1991) ("the judge modifying the sentencing package should be able to modify any portion of that package as long as the resulting aggregate sentence is less onerous than it was prior to the challenge"); United States v. Stinson, 97 F.3d 466, 469 (11th Cir. 1996) ("when a sentence is vacated and the case is remanded for

resentencing, the district court is free to reconstruct the sentence utilizing any of the sentence components.").

"Supervised release is a form of punishment that Congress prescribes along with a term of imprisonment as part of the same sentence." Mont v. United States, 139 S. Ct. 1826, 1834 (2019). "Supervised release is 'a form of postconfinement monitoring' that permits a defendant a kind of conditional liberty by allowing him to serve part of his sentence outside of prison." Id. at 1833 (quoting Johnson v. United States, 529 U.S. 694, 697 (2000)).

Additionally, the Eleventh Circuit rejected the government's reliance on the same type of argument in Jones. Jones, 962 F.3d at 1303.  See also United States v. Bullock, 824 F. App'x 616, 619-20 (11th Cir. 2020); United States v. Wilson, 823 F. App'x 617, 619 (11th Cir. 2020); United States v. Bonaparte, 19-14574, 2021 WL 37492, at *3 (11th Cir. Jan. 5, 2021). The Court rejects the government's argument that it does not have the authority to reduce the length of Brown's supervise release pursuant to the First Step Act.

### III.

While the Court has the authority to reduce Brown's sentence, "it was not required to do so." Jones, 962 F.3d at 1304. A district court has "wide latitude to determine whether and how to exercise [its] discretion," and it may consider the 18 U.S.C. § 3553(a) factors, a previous drug-quantity finding made for the purposes of

sentencing, and defendant's career offender status. United States v. Lanier, 826 F. App'x 791, 796-97 (11th Cir. 2020) (citing Jones). The weight given to any § 3553(a) factor is "committed to the sound discretion of the district court." United States v. Croteau, 819 F.3d 1293, 1309 (11th Cir. 2016).

Each side focuses narrowly on a couple of issues. The government correctly points out that Brown has a substantial criminal history and committed the current offense less than two years after his release from prison for another drug offense. (Doc. #81, pp. 4-5.) The government argues that even though defendant received only minor prison disciplinary infractions while in custody, this relatively good behavior "does not erase the seriousness of his criminal history and the need to protect the public from any possible future crimes." (Id. at 5.) Brown, on the other hand, focuses on his full service of the custodial portion of his sentence and the low likelihood or recidivism given his current age of 58 years old. (Doc. #82, pp. 8-9.) The Court has nonetheless considered all the § 3553(a) factors.

If defendant's request is granted, the Court will have three years of "postconfinement monitoring" of defendant's "conditional liberty." Mont v. United States, 139 S. Ct. 1833. During this time, any alleged violation will be judged under the preponderance of the evidence standard, and not by a beyond a reasonable doubt standard. Johnson v. United States, 529 U.S. 694, 700 (2000);

United States v. Cunningham, 607 F.3d 1264, 1268 (11th Cir. 2010). Brown has completed a lengthy custodial sentence, and supervised release is necessary both as additional punishment and as assistance in his transition.

> The importance of providing structured transition via supervised release to one like Defendant who has served a significant prison sentence cannot be overstated. Supervised release will assist him in making a successful reentry into society. Cf. United States v. Johnson, 529 U.S. 53, 59 (2000) ("Congress intended supervised release to assist individuals in their transition to community life..."). As the Supreme Court has recognized, supervised release was implemented "to encourage rehabilitation after the completion of [a defendant's] prison term." Haymond, 139 S. Ct. at 2382 (citation omitted).

United States v. Edwards, 8:96-CR-332-T-27MAP, 2019 WL 3858171, at *3 n.6 (M.D. Fla. Aug. 16, 2019). The Court concludes that a three year term of supervised release is sufficient, but not greater than necessary, to accomplice the purposes of sentencing in this case.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion to Reduce Sentence Pursuant to the First Step Act of 2018 (Doc. #65) is **GRANTED IN PART AND DISMISSED IN PART.** The motion is granted to the extent that the term of supervised release is reduced from four years to three years. The

motion is otherwise dismissed as to the request for a reduction of the term of imprisonment.

**DONE and ORDERED** at Fort Myers, Florida, this ___29th___ day of January, 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record
U.S. Probation

- 11 -